IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cr-00091-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER WATTS,

        Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 120 DAYS
FROM THE SPEEDY TRIAL ACT AND RELATED DEADLINES**

---

Mr. Watts, by through undersigned counsel, Kelly Christl, moves this Court for an Order excluding 120 days from the Speedy Trial Act computations and re-setting dates and filing deadlines. In support thereof, Mr. Watts states:

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On March 21, 2024, an indictment was filed against Mr. Watts charging three counts of bank fraud in violation of 18 U.S.C. § 1344(a)(2) and six counts of wire fraud in violation of 18 U.S.C. § 1343. The government is alleging that Mr. Watts sold discounted airline ticket books, and that he had no access to discounted airline tickets. Mr. Watts is on bond and lives in Fort Collins. Mr. Watts entered a plea of not guilty on April 2, 2024.

Undersigned counsel has not yet met with Mr. Watts to discuss the case. Mr. Watts is in poor health and suffers from congestive heart failure so scheduling has been a challenge. The government has tendered discovery, which includes approximately 60,000 pages of discovery.

Undersigned counsel has started reviewing the discovery but will require months before the review is complete.

Counsel has several other matters set for trial, including another trial the same week this case is set. This case is set for trial on June 3, 2024 and motions are currently due April 11, 2024. Counsel has discussed this case with Mr. Watts and the government. Neither has an objection to a 120-day continuance of the trial and related deadlines.

## LAW REGARDING REQUESTS FOR CONTINUANCES

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

## ARGUMENT

Defense counsel's request for a continuance satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

Counsel's review of the discovery is ongoing. Defense counsel is lead counsel on several other pretrial cases where a notice of disposition has not been filed. Counsel also has several other matters set for change of plea, sentencing, and supervised release revocations. Counsel has been unable to prepare for trial on this due to deadlines and court appearances on other cases. Counsel also needs additional time to meet with her client.

Defense counsel has conferred with Assistant United States Attorney Matthew Kirsch, who does not oppose this motion.

Examining the factors articulated in *United States v. West*, defense counsel notes this motion is being filed sufficiently prior to trial and within the deadline set by this Court. The need for the continuance – effective representation – outweighs any harm to government witnesses, most of whom are law enforcement officers. Further, the government does not oppose this request.

If a continuance is not granted, a miscarriage of justice would result, and defense counsel will be denied the reasonable time necessary for effective representation and preparation. At this time, and after consultation with the government, the defense believes that 120 days will be sufficient time to complete these tasks.

## SPEEDY TRIAL

The original 70-day date was June 11, 2024. If the Court grants this motion, the new speedy trial expiration date would be October 9, 2024, minus any days this motion is pending.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/*Kelly Christl*
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kelly_Christl@fd.org
Attorney for Defendant

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, I electronically filed the foregoing the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Matthew Kirsch, Assistant U.S. Attorney
Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Christopher Watts     (via Mail)

        s/*Kelly Christl*
        KELLY CHRISTL
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Kelly_Christl@fd.org
        Attorney for Defendant